

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2003

# USA v. Small

Precedential or Non-Precedential: Precedential

Docket No. 02-2785

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Small" (2003). *2003 Decisions.* Paper 402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed June 23, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2785

UNITED STATES OF AMERICA

v.

GARY SHERWOOD SMALL,

Appellant.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 00-cr-00160)
District Judge: Robert J. Cindrich

Argued: March 11, 2003

BEFORE: RENDELL, AMBRO and MAGILL,*
*Circuit Judges*

(Opinion Filed: June 23, 2003)

Paul D. Boas, Esq. (Argued)
5th Floor, Law & Finance Building
429 Fourth Avenue
Pittsburgh, PA 15219
Counsel for Appellant

---

* Honorable Frank Magill, Senior United States Circuit Judge for the
Eighth Circuit Court of Appeals, sitting by designation.

Bonnie R. Schlueter, Esq. (Argued)
Mary Beth Buchanan, Esq.
Brendan T. Conway, Esq.
 United States Attorney
633 U.S. Post Office and Courthouse
Pittsburgh, PA 15219
Counsel for Appellee

## OPINION OF THE COURT

MAGILL, *Senior Circuit Judge.*

On March 14, 2002, defendant-appellant Gary Sherwood Small entered a conditional guilty plea to possessing a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Small to eight months' imprisonment followed by three years' supervised release, but allowed Small to remain on bail pending this appeal from the denial of Small's motion to dismiss. For the following reasons, we affirm.

I.

On April 14, 1994, the Naha District Court, in Naha, Japan, convicted Small for violations of the Japanese Act Controlling the Possession of Firearms and Swords, the Gunpowder Control Act, and the Customs Act, all of which were offenses punishable by a term of imprisonment exceeding one year.[1] On August 30, 2000, a federal grand jury in the Western District of Pennsylvania returned an indictment against Small, charging him with, *inter alia*, possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Small filed a motion to dismiss the indictment, which the district court denied. Subsequently, Small conditionally pled guilty to the § 922(g)(1) violation, pending the outcome of this appeal.

---

1. The government maintains that Small was sentenced to five years' imprisonment and paroled on November 22, 1996. His parole term ended on May 26, 1998.

## II.

Section 922(g)(1) generally provides that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to ship or transport or possess or receive a firearm or ammunition in interstate or foreign commerce or affecting interstate commerce. 18 U.S.C. § 922(g)(1). Small was convicted of crimes punishable by imprisonment for a term exceeding one year in Japan. Subsequently, he possessed a firearm in the United States. The dispositive question on appeal is whether the district court correctly recognized the judgment of the Japanese court for the purpose of Small's § 922(g)(1) conviction.[2]

This is an issue of first impression in this court. Small makes two main arguments with regard to this issue: (1) the district court incorrectly held that the Japanese conviction was fundamentally fair by failing to look at the totality of the circumstances, and (2) the district court should have held an evidentiary hearing to determine whether the Japanese conviction was fundamentally fair. We disagree.

## A.

First, our review of questions of law is plenary. *United States v. Singletary*, 268 F.3d 196, 198 (3d Cir. 2001). The district court correctly held that, prior to using the foreign conviction as a § 922 predicate offense, the court must satisfy itself that the foreign conviction comports with our

---

2. The parties spent a great deal of their briefs arguing about the definition of § 922's "any court." We view this, however, as a tempest in a teapot, and for the reasons set forth in *United States v. Atkins*, 872 F.2d 94 (4th Cir. 1989) (recognizing an English conviction for a crime punishable by imprisonment for a term exceeding one year as a proper predicate for conviction under § 922), and *United States v. Winson*, 793 F.2d 754 (6th Cir. 1986) (recognizing Swiss and Argentine convictions for crimes punishable for terms exceeding one year as proper predicates for a conviction under § 922), foreign convictions, generally, can count as predicate offenses for the purposes of § 922. *But see United States v. Concha*, 233 F.3d 1249 (10th Cir. 2000) (holding that foreign convictions may not be used as predicate offenses under § 922 and 18 U.S.C. § 924).

notions of fundamental fairness as required by the Due Process Clause. *See Duncan v. Louisiana*, 391 U.S. 145, 148 (1968); Restatement (Third) of Foreign Relations Law of the United States § 482 cmt. b (1987) (providing, in part, that "[a] court asked to recognize or enforce the judgment of a foreign court must satisfy itself of the essential fairness of the judicial system under which the judgment was rendered"). In other words, the district court correctly rejected the government's argument that any conviction, no matter how unfair, offensive, or absurd, can be a predicate offense for a § 922 conviction.

The government contends that *Lewis v. United States*, 445 U.S. 55 (1980) (holding that a state court felony conviction could be used as a predicate offense under 18 U.S.C. § 1202, even though it could be challenged in a collateral attack because the defendant was without counsel), and *Custis v. United States*, 511 U.S. 485 (1994) (holding that prior convictions are not subject to collateral attack at sentencing proceedings, except convictions obtained in violation of the right to counsel), control the issue. The distinctions between the case at bar and *Lewis* and *Custis* are clear; they include (1) that *Lewis* involved 18 U.S.C. § 1202, not § 922; (2) that *Custis* involved an attempted collateral attack on a prior conviction to avoid a sentencing enhancement, not an evaluation of a prior conviction as an element of a criminal offense; and (3) most importantly, *Lewis* and *Custis* involved U.S. convictions governed by the U.S. Constitution as the predicate offenses, not foreign convictions, which raise specific due process concerns.

In order to ensure that the use of foreign convictions as predicate offenses for § 922(g)(1) convictions comports with our notions of fundamental fairness required by the U.S. Constitution, some procedural safeguards are necessary. We adopt the approach of the Restatement (Third) of Foreign Relations Law of the United States § 482, which provides two mandatory and six discretionary grounds for non-recognition of foreign judgments:

> (1) A court in the United States may not recognize a judgment of the court of a foreign state if:

(a) the judgment was rendered under a judicial system that does not provide impartial tribunals or procedures compatible with due process of law; or

(b) the court that rendered the judgment did not have jurisdiction over the defendant in accordance with the law of the rendering state and with the rules set forth in § 421.

(2) A court in the United States need not recognize a judgment of the court of a foreign state if:

(a) the court that rendered the judgment did not have jurisdiction of the subject matter of the action;

(b) the defendant did not receive notice of the proceedings in sufficient time to enable him to defend;

(c) the judgment was obtained by fraud;

(d) the cause of action on which the judgment was based, or the judgment itself, is repugnant to the public policy of the United States or of the State where recognition is sought;

(e) the judgment conflicts with another final judgment that is entitled to recognition; or

(f) the proceeding in the foreign court was contrary to an agreement between the parties to submit the controversy on which the judgment is based to another forum.

Restatement (Third) of Foreign Relations Law of the United States § 482.

In this case, the district court explicitly determined that the Japanese conviction comported with our concepts of fundamental fairness by examining the Japanese trial record and transcript. The district court's analysis satisfies us that, applying the standards adopted above, there were no grounds for non-recognition of the Japanese conviction as the predicate offense to Small's § 922(g)(1) conviction.

## B.

Second, we review a district court's refusal to hold an evidentiary hearing to determine whether a foreign

conviction meets one of the grounds for non-recognition for abuse of discretion. *See* Restatement (Third) of Foreign Relations Law of the United States § 482 cmt. b (stating that "[t]he recognizing court may make [a] determination [of fundamental fairness of the foreign judicial system] without formal proof or argument, on the basis of general knowledge and judicial notice. A court may make an explicit finding that the judicial system meets the essential requirements of fairness, but such a finding may be inferred from a decision to recognize or enforce the foreign judgment, or to deny recognition on some other specific ground."); *see also, e.g.*, *United States v. Davis*, 174 F.3d 941, 947 (8th Cir. 1999); *United States v. Grant*, 114 F.3d 323, 326 (1st Cir. 1997). Here, the district court did not abuse its discretion by refusing to hold an evidentiary hearing.

## III.

Accordingly, we AFFIRM the judgment of the district court.

A True Copy:
    Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*