UNITED STATES of America

v.

Timothy **FISHER, Defendant.**

No. 08 CR 937 (JSR).

United States District Court,
S.D. New York.

Nov. 24, 2008.

Christian R. Everdell, U.S. Attorney's Office, New York, NY, for Plaintiff.

Francisco Celedonio, Law Office of Francisco E. Celedonio, New York, NY, Anthony J. Pope, Esq., Picillo Caruso Pope Edell Picini, Fairfield, NJ, for Defendant.

## MEMORANDUM ORDER

JED S. RAKOFF, District Judge.

On October 17, 2008, defendant Timothy Fisher pleaded guilty to a one-count information charging him with conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B). Following defendant's plea allocution, the Government moved for the defendant's immediate detention pursuant to the mandatory remand provisions of 18 U.S.C. § 3143(a)(2). The defense objected, arguing that section 3143(a)(2) only applies to defendants who are found guilty after a jury trial, not to those who plead guilty. The Court rejected the defense's argument, and ordered that defendant be detained. *See* transcript dated October 17, 2008. On October 27, 2008, the defendant moved for reconsideration of that order.

Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir.1995); S.D.N.Y. Local Civil Rule 6.3 (motions for reconsideration must include "a memorandum set-

ting forth concisely the matters or controlling decisions which counsel believes the court has overlooked").

■ Here, far from pointing to matters the Court might have overlooked, the defense merely elaborates upon the same arguments previously considered and rejected by the Court. Pursuant to section 3143(a)(2), persons "found guilty" of certain offenses and "awaiting imposition or execution of sentence" shall be detained unless two conditions are satisfied. 18 U.S.C. § 3143(a)(2). As before, the defense does not argue that defendant is eligible for release because he can satisfy section 3143(a)(2)'s two conditions, but instead because, according to the defense, the section does not apply to persons who plead guilty. Because the language of section 3143(a)(2) is ambiguous, the defense argues, the Court should look to the statute's legislative history, which purportedly indicates that Congress did not intend the statute to apply to defendants who plead guilty. The Court is unpersuaded.

■ "Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well." *United States v. Gayle*, 342 F.3d 89, 92 (2d Cir.2003) (citations omitted). Accordingly, a statute's legislative history is properly examined only when the statutory language is ambiguous. *Canada Life Assurance Co. v. Converium Ruckversicherung (Deutschland) AG*, 335 F.3d 52, 57 (2d Cir.2003). Here, because section 3143(a)(2)'s language is unambiguous, the Court need not look any further. As the Court previously indicated, section 3143 unequivocally applies to all persons who have been "found guilty" of certain enumerated offenses, without making any distinction between persons who were convicted after trial and persons who pleaded guilty. A guilty plea and a jury verdict both result in a finding of guilt: indeed, after a defendant has allocuted at a guilty plea, a court must still make a specific finding (as the Court did) that guilt has been established. Moreover, both a guilty plea and a jury verdict of guilty have exactly the same effect. *See United States v. Rosa*, 507 F.3d 142, 158 (2d Cir.2007) (discussing "the conclusive effect of a plea as an adjudication of the defendant's guilt"); *United States v. Rosen*, 409 F.3d 535, 549 (2d Cir.2005) (a guilty plea is "as conclusive as a jury verdict") (citation omitted).

Nor has the defense pointed to any controlling decision that the Court allegedly overlooked. Indeed, to the contrary, the Second Circuit and many other courts routinely apply section 3143(a)(2) to defendants who plead guilty. *See United States v. Verkhoglyad*, 516 F.3d 122, 126 n. 3 (2d Cir.2008) ("Having pled guilty to a 'crime of violence' ... the defendant was subject to mandatory detention pending sentence under [Section 3143(a)(2) ].").

The Court has considered defendants' other arguments and finds them so entirely without merit as not to warrant further discussion. Accordingly, for the foregoing reasons, defendant's motion for reconsideration is denied.

SO ORDERED.