20-2341-cv
Shaikh v. National Bank of Pakistan

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-one.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
STEVEN J. MENASHI,
*Circuit Judges*.

------------------------------------------------------------------

ZUBAIR SHAIKH,

*Plaintiff-Appellant*,

v.            No. 20-2341-cv

NATIONAL BANK OF PAKISTAN,

*Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:    ZUBAIR SHAIKH, *pro se*, Yonkers, NY

FOR DEFENDANT-APPELLEE:    HARRIS MICHAEL MUFSON, (Melissa A. Overbeck, *on the brief*), Proskauer Rose LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Edgardo Ramos, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Zubair Shaikh, proceeding pro se, appeals from the June 24, 2020 judgment of the United States District Court for the Southern District of New York (Ramos, J.) granting summary judgment in favor of his former employer, the National Bank of Pakistan (NBP).   Shaikh claimed that NBP retaliated against him in violation of the whistleblower provision of the Bank Secrecy Act (BSA), 31 U.S.C. § 5328(a).[1]   We assume the parties' familiarity with the underlying facts and

---

[1] On January 1, 2021, Congress enacted the Anti-Money Laundering Act of 2020 (the "Act") which, among other things, amended the BSA's whistleblower provision to repeal Section 5328(a), making the new relevant section 31 U.S.C. § 5323(g), and to broaden the scope of protected activity to include a whistleblower's complaints to his or

2

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the District Court's grant of summary judgment <u>de</u> <u>novo</u>, construing the evidence presented by each side in the light most favorable to Shaikh, the non-moving party, and drawing all reasonable inferences in his favor. <u>See</u> <u>Sotomayor v. City of New York</u>, 713 F.3d 163, 164 (2d Cir. 2013). Summary judgment is appropriate if "there is no genuine dispute as to any material fact" and the moving party "is entitled to judgment as a matter of law." <u>Id.</u> (quoting Fed. R. Civ. P. 56(a)). "Where, as here, the burden of persuasion at trial would be on the non-moving party . . . the party moving for summary judgment may satisfy his burden of production under Rule 56 in either of two ways: (1) by submitting evidence that negates an essential element of the non-moving party's claim, or (2) by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving

---

her employer. <u>See</u> Pub. L. No. 116-283, §§ 6001–6511. We assume without deciding that the Act is not retroactively applicable to Shaikh's claim — Shaikh does not argue that it is — and, for ease of reference, refer to the whistleblower provision as Section 5328(a), which governed when Shaikh filed suit.

party's claim." Nick's Garage, Inc. v. Progressive Cas. Ins. Co., 875 F.3d 107, 114 (2d Cir. 2017) (citation omitted). Summary judgment may be granted where the non-movant fails to rebut the movant's showing that it is entitled to judgment as a matter of law.

With respect to the substantive law at issue in this case, we have not resolved the scope of the BSA's whistleblower provision. But the plain text of Section 5328(a), with which we must begin, compels us to affirm the District Court's decision. See Conn. Nat'l Bank v. Germain, 503 U.S. 249, 254 (1992); United States v. Gayle, 342 F.3d 89, 92 (2d Cir. 2003). Section 5328(a) provided:

> No financial institution . . . may discharge or otherwise discriminate against any employee with respect to compensation, terms, conditions, or privileges of employment because the employee . . . provided information to the Secretary of the Treasury, the Attorney General, or any Federal supervisory agency regarding a possible violation of any provision of this subchapter . . . or any regulation under any such provision, by the financial institution . . . or any director, officer, or employee of the financial institution[.]

31 U.S.C. § 5328(a). To prevail on a whistleblower claim under Section 5328(a), Shaikh was required to show that (1) he was an employee of a financial institution; (2) he provided information regarding a possible violation of specified laws and regulations by the financial institution, its directors, officers,

4

or employees to the Treasury Secretary, Attorney General, or "any Federal supervisory agency"; (3) the financial institution discharged him or otherwise discriminated against him in a manner described by the statute; and (4) his report caused the financial institution to discharge him or otherwise discriminate against him. See id.

We need not decide precisely what framework applies to analyzing claims of retaliation under the BSA at the summary judgment stage. Any claim of retaliation would require that Shaikh at a minimum establish, through non-speculative, admissible evidence, that NBP knew of his protected activity before terminating him or that there was some causal link between the activity and his termination.[2]

With that in mind, for substantially the reasons stated by the District Court in its June 22, 2020 opinion and order granting summary judgment, we conclude that Shaikh failed to proffer admissible evidence from which a rational jury could determine that NBP terminated Shaikh in retaliation for engaging in

---

2 Shaikh does not allege that NBP took any retaliatory actions against him for his protected activity aside from terminating him.

protected activity under the BSA.   The unrebutted evidence shows that NBP was unaware of Shaikh's communication with the Office of Foreign Assets Control (OFAC) at the time NBP terminated him.   In response, Shaikh speculates, without evidence, that an employee at NBP was monitoring his emails.   But even a <u>pro se</u> litigant's submissions must consist of admissible evidence, not "unsubstantiated speculation."   <u>Fujitsu Ltd. v. Fed. Express Corp.</u>, 247 F.3d 423, 428 (2d Cir. 2001).   Moreover, NBP proffered unrebutted evidence that it had other, non-retaliatory reasons for terminating Shaikh.

We have considered Shaikh's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6