**UNITED STATES of America,
Appellee,**

v.

**Tomo RAZMILOVIC, David E.
Nachman, Defendants,**

**Kenneth Jaeggi, Movant–Appellant.**

**Docket No. 04–4543–CR(L),
04–5801–CR(CON).**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 3, 2005.

Decided: Aug. 17, 2005.

Steven F. Molo (Tai H. Park, Wendy E. Ackerman, on the brief), Shearman & Sterling, New York, New York, for Movant–Appellant.

Varuni Nelson, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, and Richard Weber and Richard T. Lunger, Assistant United States Attorneys, on the brief), Central Islip, New York, for Appellee.

Before: FEINBERG, WINTER, and SOTOMAYOR, Circuit Judges.

WINTER, Circuit Judge.

Kenneth Jaeggi appeals from Judge Wexler's denial of his motion to vacate an *ex parte* pretrial order freezing assets claimed by the government to be forfeitable proceeds of alleged securities, mail, and wire fraud offenses. We hold that 28 U.S.C. § 2461(c), enacted as part of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), does not authorize pretrial restraint of assets subject to criminal forfeiture. We therefore vacate the restraining order.

## BACKGROUND

Jaeggi was the Senior Vice President of Finance and the Chief Financial Officer of Symbol Technologies, Inc. ("Symbol"), a publicly traded company, from May 1997 to December 2002. An 87–page indictment, filed on May 28, 2004, charged Jaeggi and other Symbol officers and executives with, *inter alia,* securities fraud, 15 U.S.C. §§ 78j(b), 78ff; wire fraud, 18 U.S.C. § 1343; mail fraud, *id.* § 1341; and conspiracy, *id.* § 371. The indictment also stated that the government would seek forfeiture of certain of Jaeggi's assets upon his conviction—the "proceeds" of the securities, mail, and wire fraud offenses— pursuant to 18 U.S.C. § 981(a)(1)(C) (authorizing civil forfeiture for mail, wire, and securities fraud proceeds) and 28 U.S.C. § 2461(c) (authorizing criminal forfeiture where civil forfeiture authorized).

The indictment charged Jaeggi and his codefendants with two illegal schemes. First, it alleged that between 1999 and December 2002 they manipulated Symbol's financial results to meet or exceed securities analysts' performance forecasts. Second, it alleged that the defendants participated in a "look-back scheme" in which, when exercising their stock options, they backdated the exercise date to claim a lower stock price thereby reducing the taxable gains realized by the defendants. The two schemes are alleged to have involved conspiracy and substantive offenses of securities fraud, tax evasion, and mail and wire fraud.

After filing the indictment, the government successfully moved for an *ex parte* order restraining specified assets belonging to Jaeggi. The court later amended that order, again *ex parte*, to freeze additional assets, amounting to a total value of approximately $7.5 million. The government claimed these assets were proceeds of Jaeggi's illegal activity and would be forfeitable upon his conviction.

Jaeggi moved to vacate or modify the restraining order, claiming, *inter alia*, that it was not authorized by Section 2461(c). The district court denied the motion.

## DISCUSSION

Whether Section 2461(c) authorizes pretrial restraint of putative forfeitable property is a legal issue that we review *de novo*. *United States v. Gotti*, 155 F.3d 144, 146 (2d Cir.1998).

a) *Language*

In interpreting Section 2461(c), we look first to its language. "Statutory construction begins with the plain text and, if that text is unambiguous, it usually ends there as well." *United States v. Gayle*, 342 F.3d 89, 92 (2d Cir.2003). Section 2461(c) provides that

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal Procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in [21 U.S.C. § 853], other than subsection (d) of that section.

Section 2461(c) thus authorizes criminal forfeiture as a punishment for any act for which civil forfeiture is authorized, and allows the government to combine criminal conviction and criminal forfeiture in a consolidated proceeding.

Section 2461(c) directs that "upon conviction" an order of "forfeiture" shall be entered "in accordance with the procedures" set out in 21 U.S.C. § 853. Section 853 authorizes criminal forfeiture as a punishment for drug crimes and sets forth the procedures governing such forfeiture, the forfeitable property, and the forfeiture-related actions that are allowed. 21 U.S.C. § 853. For example, Section 853 specifies that a court "shall" order forfeiture of certain property at sentencing, 21 U.S.C. § 853(a), and that when a forfeiture order is entered, "the court shall authorize the Attorney General to seize" the forfeited property, *id.* § 853(g). It defines forfeitable property as, *inter alia*, the property used to facilitate, and proceeds of, violations of the Controlled Substances Act, 21 U.S.C. § 801 *et seq. Id.* § 853(a).

In forfeiture-related actions, Subsection (e) of Section 853 authorizes, post-indictment, pretrial "Protective Orders" as follows:

> [T]he court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property described in subsection (a) of this section for forfeiture under this section ... upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction,

be subject to forfeiture under this section . . . .

*Id.* § 853(e)(1)-(1)(A).

Whether Section 853(e) is incorporated into Section 2461(c) is the principal subject of this appeal. The opposing arguments go thusly. For the government, it is argued that, because Section 2461(c) incorporates all of Section 853 except subsection (d), Section 853(e)'s pretrial restraint procedures are incorporated. The critical inference drawn is that, in specifically excluding subsection (d), Congress must have intended to include all other subsections of Section 853. For Jaeggi, it is argued that Section 2461(c) authorizes "forfeiture" "in accordance with the procedures" set out in Section 853 only "upon conviction." There was thus no need for Congress specifically to exclude any provisions of Section 853 relating to pretrial procedures because such procedures are inapplicable to post-conviction proceedings and were not even purportedly incorporated into Section 2461(c). In contrast, there was a need to exclude Section 853(d) explicitly because it establishes a rebuttable presumption that certain property is subject to forfeiture. This presumption would apply under Section 2461(c) "upon conviction" but for Congress's specific exclusion.

We hold that the language of Section 2461(c) dictates the conclusion that it does not authorize pretrial restraint of forfeitable assets. Section 2461(c)'s use of the term "forfeiture" cannot include pretrial restraint. Forfeiture is the "divestiture of property without compensation," Black's Law Dictionary 661 (7th ed.1999). In a criminal case, it constitutes punishment for

a crime and necessarily occurs post-conviction. *See Libretti v. United States,* 516 U.S. 29, 38–39, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995); Fed.R.Crim.P. 32.2(b)(3) (order of forfeiture "must be made a part of the sentence and be included in the judgment"). The distinction between forfeiture and pretrial restraint is no technical play on words. Pretrial restraint is a severe remedy independent of a right to damages or property following a finding of liability. Indeed, the Supreme Court has dubbed pretrial restraint as a " 'nuclear weapon' of the law." *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 332, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999) (pretrial restraint of debtor's assets in civil proceeding).

The language of Section 2461(c), read as a whole, reinforces this interpretation. It permits two things: inclusion of forfeiture allegations in certain criminal indictments "in accordance with" the Federal Rules of Criminal Procedure, and "forfeiture . . . upon conviction . . . in accordance with" the procedures of Section 853, except for subsection (d). The "upon conviction" language not only recognizes the fact that forfeiture is an act that occurs after conviction but also serves to specify which procedures are to be used. At the indictment stage, the Federal Rules of Criminal Procedure apply; "upon conviction," the procedures of Section 853 are used. The only plausible reading of Section 2461(c) therefore is that it incorporates all of the Federal Rules' procedures relevant to forfeiture allegations in indictments, and all of Section 853's procedures relevant to post-conviction forfeiture, except subsection (d).[1] Section 853(e)'s procedures re-

---

1. The government argues that Section 853(d) does not relate to post-conviction procedures because it applies "at trial." Specifically, subsection (d) states that "[t]here is a rebuttable presumption at trial that any property of a person convicted of a felony under this sub-

chapter . . . is subject to forfeiture . . . ." It is true that the rebuttable presumption might be relevant before conviction in the context of pretrial restraint of assets, but it also would be crucial post-conviction at sentencing in determining which assets would be forfeited.

lating to pretrial restraint do not relate to post-conviction forfeiture and never were incorporated, so Congress had no need to exclude them.

To the extent that any forfeiture-related procedures apply under Section 2461(c) during the period between indictment and conviction, they must be found in the Federal Rules of Criminal Procedure. The Rules, however, do not authorize pretrial restraint of assets subject to forfeiture. They address only the inclusion of forfeiture allegations in indictments, notice of potential forfeiture during plea colloquies, post-conviction preliminary orders of forfeiture, and final orders of forfeiture. Fed.R.Crim.P. 7(c)(2), 11(b)(1)(J), 32.2(b)(2)-(3),(c)(2).

b) *Other Forfeiture Statutes and Their Interpretation*

The government's strongest argument is not based on statutory language. Instead, it notes that "the enactment of a criminal forfeiture statute *without* a restraining or-

der provision would have been regarded as oddly incomplete and uniquely deficient" because "all criminal forfeiture statutes that set forth the procedures to be followed in criminal cases have provided for the issuance and enforcement of pre-trial restraining orders."

Although the factual premise of this argument is strictly true, the argument is misleading. There are four statutes that authorize criminal forfeiture and set forth the procedures to be followed. All authorize pretrial restraint of forfeitable assets. *See* 18 U.S.C. § 1963(d) (pretrial restraint in RICO cases); 21 U.S.C. § 853(e) (pretrial restraint in drug cases); 18 U.S.C. § 1467(c) (pretrial restraint in obscenity cases); 18 U.S.C. § 2253(c) (pretrial restraint in child pornography cases). However, most criminal forfeiture statutes do not set forth the procedures to be followed; instead, they—like Section 2461(c)—incorporate the procedures of Section 853, other than subsection (d). These statutes are cataloged in the margin.[2] We have never held that any of

---

**2.** *See* 18 U.S.C. § 38(d) (forfeiture for fraud involving aircraft or space vehicle parts in interstate or foreign commerce, "including any seizure and disposition of the property, and any proceedings relating to the property, shall be" governed by Section 853, except subsection (d)); 18 U.S.C. § 793(h)(3) (forfeiture for espionage crimes governed by Section 853, except subsections (a) and (d), which "shall apply to—(A) property subject to forfeiture under this subsection; (B) any seizure or disposition of such property; and (C) any administrative or judicial proceeding in relation to such property, if not inconsistent with this subsection"); 18 U.S.C. §§ 794(d)(3), 798(d)(3) (same language for different types of espionage offenses); 18 U.S.C. § 982(b) (forfeiture for certain crimes, and "[t]he forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by" Section 853, except subsection (d)); 18 U.S.C. § 1028(g) (same language in provision for mandatory forfeiture for fraudulent pro-

duction of identification documents); 18 U.S.C. § 1029(c)(2) (same language in provision for mandatory forfeiture for access devices fraud); 18 U.S.C. § 1037(c)(2) ("[t]he procedures set forth in [Section 853], other than subsection (d) of that section … shall apply to all stages of a criminal forfeiture proceeding" for electronic mail fraud); 18 U.S.C. § 1834(b) (forfeiture mandatory for trade secret offenses, and "[p]roperty subject to forfeiture under this section, any seizure and disposition thereof, and any administrative or judicial proceeding in relation thereto, shall be governed by [21 U.S.C. § 853], except for subsections (d) and (j)"); 42 U.S.C. § 1786(p) (punishment for illegally obtaining, trafficking, or using "food instruments" includes forfeiture, and "all property subject to forfeiture under this subsection, any seizure or disposition of the property, and any proceeding relating to the forfeiture, seizure, or disposition shall be subject to [Section 853], other than subsection (d) of that section"); 50 U.S.C. § 783(e) (illegal transmission or receipt of classified information punishable by

them authorize pretrial restraint. Indeed, no reported case has mentioned pretrial restraint under any of the statutes listed in Note 2,[3] with one exception.

That exception is the general criminal forfeiture statute, 18 U.S.C. § 982(b), which incorporates the procedures of Section 853, except subsection (d). 18 U.S.C. § 982(b)(1). Several courts of appeals have held Section 982(b) to authorize pretrial restraint. *See United States v. Kirschenbaum*, 156 F.3d 784, 791 (7th Cir. 1998) (pretrial restraint of forfeitable assets allowed under Section 982(b)(1)); *see also United States v. Bollin*, 264 F.3d 391, 421–22 (4th Cir.2001) (same); *United States v. Jones*, 160 F.3d 641, 644 (10th Cir.1998) (same); *United States v. Field*, 62 F.3d 246, 248–49 (8th Cir.1995) (same); *United States v. Ripinsky*, 20 F.3d 359, 361–62 (9th Cir.1994) (same). This fact gives us pause, albeit a short one.

The weight of these decisions for our purposes is considerably weakened by the fact that none of them has addressed the arguments presented in this case. Furthermore, Section 982—along with every other criminal forfeiture statute that incorporates the procedures of Section 853—includes language to suggest that it incorporates more than just those procedures of Section 853 relevant to actual forfeiture. Specifically, Section 982 provides that "[t]he forfeiture of property under this section, *including any seizure and disposition of the property and any related judicial or administrative proceeding*, shall be governed by" Section 853, except subsection (d). 18 U.S.C. § 982(b)(1) (emphasis added); *see also supra* note 2 (other statutes incorporating procedures of Section 853 use similar or identical language). In contrast, Section 2461(c) states only that "upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in" Section 853, except subsection (d).[4]

forfeiture, and Section 853, except subsections (a) and (d), applies to "(A) property subject to forfeiture under this subsection; (B) any seizure or disposition of such property; and (C) any administrative or judicial proceeding in relation to such property, if not inconsistent with this subsection").

**3.** Besides Section 982, only one of the statutes incorporating Section 853 and using the "seizure"/related proceeding language—18 U.S.C. § 794(d), an espionage statute—has been used to authorize forfeiture in a reported case. *Ames v. Commissioner*, 112 T.C. 304, 308, 1999 WL 339317 (1999). Apparently, pretrial restraint was neither sought nor granted in *Ames.*

**4.** There are several criminal statutes other than Section 2461(c) that mention Section 853 without using the "seizure"/related proceeding language. In some of these, forfeiture and pretrial restraint for the relevant crime are mandatory and expressly authorized in Section 853 itself, which states that it applies to violations of 21 U.S.C. §§ 801–904 and 951–971. *See e.g.,* 21 U.S.C. § 848(a) (stating that "the forfeiture pre-

scribed in section 853" is part of the sentence imposed on those convicted of continuing criminal enterprises); 21 U.S.C. § 970 ("Section 853 of this title, relating to criminal forfeiture, shall apply in every respect to a violation of this subchapter punishable by imprisonment for more than one year."); 21 U.S.C. § 333(e)(3) (distribution of human growth hormone considered a felony violation of Controlled Substances Act "for the purposes of forfeiture under" Section 853); *see also* 18 U.S.C. § 3554 (forfeiture mandatory for RICO and drug crimes, using provisions of 18 U.S.C. §§ 1963 or 853). In another statute, Section 853 specifically applies "to all stages of a criminal forfeiture proceeding" under that provision. 18 U.S.C. § 1037 (criminal statute for electronic mail fraud). In 31 U.S.C. § 5332, Section 853 is mentioned, but restraint is expressly authorized as well. 31 U.S.C. § 5332(b)(3). Finally, 31 U.S.C. § 5317, while mentioning Section 853 without the "seizure"/related proceeding language, is a statute pertaining to search warrants for illegally transported monetary instruments and assumes seizure of the instruments as part of that warrant. 31 U.S.C. § 5332(c).

We need not decide whether the "seizure" and "related judicial or administrative proceeding" language in Section 982 and other forfeiture statutes authorizes pretrial restraint under the provisions of Section 853. There may be arguments pro or con as to this issue.[5] It suffices here to note that the absence of such language from Section 2461(c) leaves no room for argument that it arguably authorizes pretrial remedies.

c) *Intent and Policy*

Given our conclusion that Section 2461(c)'s plain language fails to authorize pretrial restraint, consideration of its legislative history or policy arguments advanced by the government is not mandatory. *See United States v. Peterson*, 394 F.3d 98, 107–08 (2d Cir.2005); *Gotti*, 155 F.3d at 149 ("[W]here a statute is plain on its face, the court does not resort to legislative history or to the purpose of the statute to discern its meaning."). We nevertheless note that "[n]othing in the legislative history of [Section 2461(c) ] requires

a different result" than that dictated by its language. *Gotti*, 155 F.3d at 149. No congressional committee report on CAFRA or statement by a representative or senator asserts that, or even addresses the issue of whether, CAFRA authorized pretrial restraint of forfeitable assets under Section 2461(c).

The only explicit references to an intent to authorize pretrial restraint cited by the government are two isolated statements by representatives of the Department of Justice at Congressional hearings. The statements, given before House and Senate committees, were essentially identical, asserted that the law "should" permit criminal forfeiture as well as pretrial restraint in a variety of cases, and urged passage of proposed legislation similar to what became Section 2461(c). *See Civil Asset Forfeiture Reform Act: Hearing on H.R. 1835 Before the House Comm. on the Judiciary*, 105th Cong. 121 (1997) (statement of Stefan D. Cassella, Assistant Chief, Asset Forfeiture and Money Laundering Section,

**5.** We have found no caselaw construing the "seizure"/related proceeding language of the statutes cited in Note 2, nor do the parties cite to any. Although an awkward way of accomplishing the purpose, it is possible that the "related judicial proceeding" language was intended to incorporate the pretrial restraint procedures of Section 853(e). Or, it may be that the "seizure" language was so intended, albeit an equally awkward method. With respect to the latter, the government is entitled to a pretrial warrant to "seiz[e]" "property subject to forfeiture under this section," 21 U.S.C. § 853(f), if it meets the standards for a search warrant. Specifically,

If the court determines that there is probable cause to believe that the property to be seized would, in the event of conviction, be subject to forfeiture and that an order under subsection (e) of this section [the pretrial restraint provision] may not be sufficient to assure the availability of the property for forfeiture, the court shall issue a warrant authorizing the seizure of such property.

*Id.* Section 853(f) itself appears to incorporate Section 853(e). Section 853(f) applies only where a restraining order under Section 853(e) is insufficient to protect the forfeitable assets. It would seem nonsensical to allow seizure where a restraining order will not be sufficient to protect assets but not to allow a restraining order or seizure where a restraining order would be sufficiently protective. *See United States v. Melrose E. Subdivision*, 357 F.3d 493, 504 (5th Cir.2004) ("Both Congress and the Constitution see pretrial restraining orders as preferable, somewhat less restrictive alternatives to outright seizure. It would frustrate that preference were the government able to seize property more easily than it could restrain it.") (internal citations omitted). Finally, if the "seizure"/related proceeding does not have the purposes discussed above, it would appear to be superfluous, a disfavored result. *See Dunn v. Commodity Futures Trading Comm'n*, 519 U.S. 465, 472, 117 S.Ct. 913, 137 L.Ed.2d 93 (1997) (expressing reluctance to treat statutory terms as surplusage).

Crim. Div., Dep't of Justice); *Oversight of Federal Asset Forfeiture: Its Role in Fighting Crime: Hearing on Federal Asset Forfeiture, Focusing Its Role in Fighting Crime and the Need for Reform of the Asset Forfeiture Laws Before the Subcomm. on Crim. Justice Oversight of the S. Comm. on the Judiciary,* 106th Cong. 23–24 (1999) (statement of Eric H. Holder, Jr., Deputy Attorney Gen., Dep't of Justice).

These statements are evidence of what the Department wanted but not of what Congress intended. They made no attempt to alert Congress to the significance of incorporating Section 853, much less to explain how prefacing that incorporation with the words "upon conviction" authorized pretrial restraint. Nor is there any evidence that anyone in Congress thought they were doing more than what the language of Section 2461(c) said. This hardly demonstrates Congressional intent to add to the government's arsenal a " 'nuclear weapon,' " *Grupo Mexicano,* 527 U.S. at 332, 119 S.Ct. 1961.

Finally, the government makes a policy argument posed in the guise of ineluctable logic, namely that it "would have made no sense" for Congress to enact a statute authorizing the use of criminal forfeiture but to omit a pretrial restraint provision, without which actual forfeiture might never be possible. In light of the statutory language, this is a complaint that should be addressed to Congress. *See United States v. Monsanto,* 491 U.S. 600, 614, 109

S.Ct. 2657, 105 L.Ed.2d 512 (1989).[6] Moreover, the law does not always accompany an entitlement to assets with pretrial restraint provisions. To the contrary, pretrial restraint is the exception, not the rule. *See Grupo Mexicano,* 527 U.S. at 333, 119 S.Ct. 1961 (no general equitable power in federal courts to issue preliminary injunction restraining assets in civil proceeding); *De Beers Consol. Mines v. United States,* 325 U.S. 212, 223, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945) (preliminary injunctions restraining assets have "not been thought justified in the long history of equity jurisprudence"); *Ripinsky,* 20 F.3d at 365 (substitute assets not subject to pretrial restraints); *In re Assets of Martin,* 1 F.3d 1351, 1355–56 (3d Cir.1993) (same); *United States v. Floyd,* 992 F.2d 498, 502 (5th Cir.1993) (same).[7]

## CONCLUSION

Because 21 U.S.C. § 2461(c), enacted as part of CAFRA, does not authorize pretrial restraint of forfeitable assets, we vacate the restraining order. In view of our disposition of this matter, we need not address Appellant's other arguments. We issue this decision even though a motion for modification of the restraining order is pending before us. We shall dispose of that motion in the very near future.

---

6. Indeed, this precise argument was rejected in *Gotti*—there, for allowing pretrial restraint of substitute assets under Section 853—because the plain language of the statute did not authorize such a restraint. 155 F.3d at 149.

7. The government also argues, in a footnote, that the All Writs Act, 28 U.S.C. § 1651(a), empowered the court to order pretrial restraint in this case. The Supreme Court has

squarely held that the All Writs Act does not provide independent statutory authority for issuing pretrial restraints; rather it confers only the power to issue writs that would be authorized under traditional equitable jurisdiction. *Grupo Mexicano,* 527 U.S. at 326 n. 8, 333, 119 S.Ct. 1961. The government offers no evidence that pretrial restraint of defendants' assets was available in equity.