05-3021-cr
United States v. Schlesinger

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2007

(Argued: November 28, 2007      Decided: January 30, 2008)

Docket Nos. 05-3021-cr(L), 05-5839-cr(CON),
06-3551-cr(CON), 06-3555-cr(CON)

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

                    Appellee,

          - v.-

NAT SCHLESINGER, A.K.A. NAFTULE
SCHLESINGER, A.K.A. ZVI POLLACK,
AND GOODMARK INDUSTRIES, INC.,

                    Defendants-Appellants.

- - - - - - - - - - - - - - - - - - - -x

        Before:        JACOBS, Chief Judge, B.D.PARKER, WESLEY,
                       Circuit Judges.

     Nat Schlesinger appeals from a judgment of conviction entered in the Eastern District of New York (Spatt, J.). On appeal, Schlesinger argues that 28 U.S.C. § 2461(c)(2005) did not authorize the criminal forfeiture of the proceeds of his mail and wire fraud offenses. For the following reasons, we affirm the judgment below.

HERALD PRICE FAHRINGER, Fahringer & Dubno (Erica T. Dubno and Jeremy T. Gutman, on the brief), New York, NY, for Defendants-Appellants.

CYNTHIA M. MONACO, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, on the brief, Peter A. Norling, Lawrence Ferazani and Richard Lunger, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PER CURIAM:

Nat Schlesinger appeals from his August 2, 2006 conviction in the Eastern District of New York (Spatt, J.) on a variety of arson and fraud charges.  In a separate summary order filed today, we reject a number of Schlesinger's challenges to his conviction and sentence, as well as challenges raised by co-defendant Goodmark Industries, Inc.  This opinion considers--and rejects-- Schlesinger's argument that the District Court lacked the statutory authority to order the criminal forfeiture of the proceeds of his mail and wire fraud offenses.

Schlesinger was convicted on seventeen counts of mail fraud (in violation of 18 U.S.C. § 1341) and two counts of

2

wire fraud (in violation of 18 U.S.C. § 1343). The District Court ordered that Schlesinger criminally forfeit the proceeds of those offenses pursuant to 28 U.S.C. § 2461(c)(2005). That subsection (which was amended in 2006) provided:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation <u>but no specific statutory provision is made for criminal forfeiture upon conviction</u>, the Government may include the forfeiture in the indictment or information. . . .

28 U.S.C. § 2461(c)(2005) (emphasis added). Schlesinger relies on the highlighted clause. As Schlesinger notes, a "specific statutory provision is made for criminal forfeiture upon conviction" for mail and wire fraud: 18 U.S.C. § 982(a)(2)(A). <u>Id.</u> Moreover, as Schlesinger points out, that provision authorizes criminal forfeiture only in connection with mail and wire fraud "affecting a financial institution," a circumstance the parties agree is not present here. 18 U.S.C. § 982(a)(2)(A). It follows, argues Schlesinger, that neither § 2461(c) nor § 982(a)(2)(A) authorizes the criminal forfeiture of the proceeds of his mail and wire offenses, and the government thus falls between two stools.

3

As the District Court concluded, § 2461(c) is not so limited:  The forfeiture at issue was effected under 18 U.S.C. § 981, which authorizes civil forfeiture for mail and wire fraud, and which does not have the special circumstances requirement of § 982.  United States v. Schlesinger, 396 F. Supp. 2d 267, 273-79 (E.D.N.Y. 2005); see United States v. Razmilovic, 419 F.3d 134, 136 (2d. Cir 2005) ("Section 2461(c) thus authorizes criminal forfeiture as a punishment for any act for which civil forfeiture is authorized, and allows the government to combine criminal conviction and criminal forfeiture in a consolidated proceeding."); United States v. Jennings, 487 F.3d 564, 584 (8th Cir. 2007); United States v. Vampire Nation, 451 F.3d 189, 199 (3d Cir. 2006).  For essentially the reasons stated by the District Court, we affirm the order of forfeiture.