09-0350-cr
USA v. Schlesinger

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of March, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> _Circuit Judge_,[*]
> STEFAN R. UNDERHILL,
> _District Judge_.[**]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

> _Appellee_,

v.                                                                      No. 09-0350-cr

NAT SCHLESINGER, also known as Naftule Schlesinger, also known as Zvi Pollack,

> _Defendant-Appellant_.

---

[*] The Honorable Barrington D. Parker recused himself from participating in the decision of this case, which is decided by the remaining members of the panel, who are in agreement.

[**] The Honorable Stefan R. Underhill, of the United States District Court for the District of Connecticut, sitting by designation.

1

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLANT:                    DIANA D. PARKER, New York, NY.

FOR APPELLEE:                     CHARLES ROSE, Assistant United States Attorney (Benton J. Campbell, United States Attorney, and David C. James and Richard T. Lunger, Assistant Untied States Attorneys, *on the brief*), Office of the Untied States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a January 14, 2009 order of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

In 2006, appellant Nat Schlesinger stood trial in the United States District Court for the Eastern District of New York and was convicted by a jury of charges relating to two fraudulent schemes. The schemes involved a clothing manufacturing business started by Schlesinger and his brother.

Following trial, Schlesinger made three motions for a new trial under Federal Rule of Criminal Procedure 33. The District Court denied each motion. The District Court then sentenced Schlesinger, Schlesinger appealed his conviction and sentence, and this Court affirmed. *See United States v. Schlesinger*, 514 F.3d 277 (2d Cir. 2008); *Untied States v. Schlesinger*, 261 Fed. App'x 355 (2d Cir. 2008) (summary order).

The District Court denied Schlesinger's third and final Rule 33 motion on July 26, 2006. *See United States v. Schlesinger*, 439 F. Supp. 2d 255 (E.D.N.Y. 2006). Over two years later, on September 2, 2008, Schlesinger filed a motion in the District Court seeking (1) the recusal of the District Court judge and (2) reconsideration of the District Court's denial of his third Rule 33 motion. The motion for reconsideration asserted that Schlesinger had new evidence that Bradley Lanes, one of the government's witnesses at trial, had committed perjury when he testified as follows:

Q     Did you enter into a cooperation agreement with the government?
A     Yes, I did.
Q     Mr. Lanes, I will show you what has been marked Government's Exhibit 500-BL-24 for identification.
      Mr. Lanes, please identify that document.
A     That is . . . a plea agreement between myself and the U.S. Department of Justice.

2

Q       Does that plea agreement still exist?
A       No, it doesn't.
Q       Has the government told you that you've broken that plea agreement, or that cooperation agreement, rather?
A       Yes, they have.

Gov't App. 107 (Trial Tr. 420-21). Schlesinger concedes that Lanes testified truthfully that he did not have a cooperation agreement with the government, but Schlesinger contends that Lanes committed perjury by testifying that he did not have a plea agreement with the government.

The new evidence in support of Schlesinger's Rule 33 motion consisted, in part, of a letter submitted by the government in opposition to Lanes's application for a stay of his sentence pending an appeal of his conviction. In the letter the government argued that because Lanes had "*entered into a plea agreement with the government and was sentenced pursuant to the terms of that agreement,*" the government "kn[ew] of no appellate issues appropriate for review." Joint App. 61 (emphasis added). That statement, made by an Assistant United States Attorney other than the trial counsel nearly eighteen months after Lanes's testimony, is the principal new evidence that Schlesinger relies upon to argue that Lanes committed perjury—and the government knew he committed perjury—when he testified about his plea and cooperation agreement with the government.

The District Court denied Schlesinger's motion for recusal and reconsideration concluding, among other things, that Schlesinger's purported "new evidence" did not "lead the Court to believe that Lanes was testifying pursuant to any written or oral agreement with the Government." Joint App. 116. Schlesinger now appeals the District Court's order denying his motion. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues raised on appeal.

First, we affirm the District Court's determination that recusal was unwarranted. There is absolutely nothing in the record to suggest that the "impartiality" of the District Court judge "might reasonably be questioned." *See* 28 U.S.C. § 455(a).

Second, we affirm the District Court's denial of Schlesinger's motion for reconsideration. We agree with the District Court that Lanes did not testify at Schlesinger's trial pursuant to a "cooperation agreement." Even assuming that Lanes's plea agreement survived the government's notice of his breach of that agreement, there is nothing in the record to suggest that Lanes believed his plea agreement was still in effect at the time of his trial testimony. Even if he had, his single statement about his plea agreement was not material. Thus, we reject Schlesinger's claim that Lanes committed perjury.

3

Lanes entered into a plea agreement with the government and pleaded guilty pursuant to that agreement. Lanes took on a number of obligations under the agreement, including to cooperate with the government's investigation and to testify truthfully when called by the government as a witness. If Lanes met his obligations, the government agreed to seek a departure from the United States Sentencing Guidelines ("U.S.S.G.") on the basis of Lanes's "substantial assistance." *See* U.S.S.G. § 5K1.1.

As it happened, Lanes breeched his agreement with the government by being arrested for—and pleading nolo contendere to—charges related to cocaine possession and evidence tampering in Florida. After Lanes's arrest, the government sent Lanes's attorney a letter informing him that the government considered Lanes in breach of his agreement and, "as a result[,] . . . would not be submitting a letter at his sentencing pursuant to section 5K1.1 of the U.S. Sentencing Guidelines." Gov't App. 54-55.

All of this was accurately conveyed to the jury at Schlesinger's trial. Lanes told the jury that although he had entered into a "cooperation agreement" with the government, *id.* at 107 (Trial Tr. 420), he had breached the agreement by pleading nolo contendere to charges of cocaine possession and evidence tampering in Florida, *id.* at 108 (Trial Tr. 423-24). Moreover, the jury was read the government's letter to Lanes's counsel explaining that the government would no longer submit a 5K1.1 letter on Lanes's behalf, and Lanes explained to the jury that the government had made no promises to Lanes in exchange for his testimony. *Id.* (Trial Tr. 423-25).

Schlesinger's argument that Lanes committed perjury conflates the concept of a "*plea* agreement" with the concept of a "*cooperation* agreement." Lanes entered into an agreement that contained, essentially, two parts. The first part was the "plea agreement," which, among other things, called for Lanes to plead guilty to certain crimes. The second part was the "cooperation agreement," which called for Lanes's cooperation in return for a 5K1.1 letter.

It is clear that, with one exception that was immediately corrected by the prosecutor, *see* Gov't App. 107 (Trial Tr. 421), Lanes's testimony at trial about his "agreement" with the government was concerned exclusively with his *cooperation* agreement—that is, the government's promise to submit a 5K1.1 letter in exchange for Lanes's testimony. Lanes accurately conveyed to the jury that his cooperation agreement had been terminated and that he could no longer hope to receive a 5K1.1 letter (nor did the government, in fact, submit a 5K1.1 letter at Lanes's sentencing or re-sentencing). The fact that Lanes was still bound by his guilty plea—that is, his *plea* agreement—does not make Lanes's testimony perjury. *Cf. United States v. Gregory*, 245 F.3d 160, 165 (2d Cir. 2001) (holding that a criminal defendant was bound by his guilty plea even though he had breached his cooperation agreement and the government had declined to submit a 5K1.1 letter).

We have considered Schlesinger's remaining arguments on appeal and find them to be without merit.

## CONCLUSION

For the foregoing reasons, the January 14, 2009 order of the District Court is **AFFIRMED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

5