12-3493-cr (L)
United States v. LaVilla

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT: DENNY CHIN,
         SUSAN L. CARNEY,
         CHRISTOPHER F. DRONEY,
            Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
         Appellee,

                       12-3493-cr
        -v-              12-3495-cr
                       12-3512-cr

MATTHEW LAVILLA, CLARKSON AUTO
ELECTRIC, INC., GERALD FRETTO,
         Defendants-Appellants,

ANTHONY FRETTO, JAMES NOTO, DANIEL
STREFF, THOMAS RANDALL, DANIEL
LAROCCO, EDWARD HAWKINS, DAVID
DAILEY, RANDY VAN STEEN,
         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                          BRADLEY E. TYLER, Assistant United
                                       States Attorney, for William J.
                                       Hochul, Jr., United States
                                       Attorney for the Western District
                                       of New York, Rochester, New York.

FOR DEFENDANTS-APPELLANTS:             JOSEPH M. LATONA, Office of Joseph
                                       M. LaTona, Esq., Buffalo, New
                                       York; MATTHEW R. LEMBKE, Cerulli,
                                       Massare & Lembke, Rochester, New
                                       York; and MICHAEL J. TALLON,
                                       Michael J. Tallon, P.C.,
                                       Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Siragusa, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Defendants-appellants Matthew LaVilla, Gerald Fretto, and Clarkson Auto Electric, Inc. ("CAE") were indicted below for conspiracy to commit mail fraud, 18 U.S.C. § 1349; mail fraud, id. §§ 1341 and 2; and conspiracy to launder monetary instruments, id. § 1956(h). Fretto and LaVilla were additionally indicted for engaging in monetary transactions in property derived from unlawful activity. Id. §§ 1957 and 2. The indictment seeks, inter alia, forfeiture of assets under 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), as well as 28 U.S.C. § 2461(c).[1]

---

[1]    Neither the parties nor the district court raised the issue below of whether 18 U.S.C. § 982 authorizes the pretrial restraint of assets. See

-2-

Defendants appeal from the order of the district court (Siragusa, J.) entered August 16, 2012, denying their application for (1) the release of seized bank accounts to pay for counsel and (2) the production of materials relied upon by a government witness at a hearing held pursuant to United States v. Monsanto, 924 F.2d 1186 (2d Cir.) (in banc), cert. denied, 502 U.S. 943 (1991).[2] The district court adopted the reasoning of Magistrate Judge Payson, who conducted the hearing and issued the decision and order initially denying defendants' motion for the release of their assets.

On appeal, defendants argue primarily that (1) the government failed to establish probable cause that they committed the crimes charged in the indictment or that their assets are forfeitable and (2) the Federal Rules of Evidence should have been applied at the Monsanto hearing. We address these arguments in turn, assuming the parties' familiarity with the facts, procedural history, and issues for review.

---

United States v. Razmilovic, 419 F.3d 134, 136, 138-40 (2d Cir. 2005). Accordingly, we assume that Section 982 permits the pretrial restraint of assets for the purposes of this case.

[2]    Anthony Fretto -- a co-owner of CAE, father to Gerald Fretto, and also a defendant named in the indictment -- owns assets subject to the seizure order, but does not join in this appeal.

## 1.   The Probable Cause Determination

When an ex parte pretrial restraint is placed on a defendant's assets, thereby restricting his ability to retain counsel of choice, that defendant must be afforded "an adversary, post-restraint, pretrial hearing as to probable cause that (a) the defendant committed crimes that provide a basis for forfeiture, and (b) the properties specified as forfeitable in the indictment are properly forfeitable."  Monsanto, 924 F.2d at 1203.  Probable cause exists where the totality of the circumstances suggests a "fair probability," and not necessarily a "hard certaint[y]," that the defendant committed the crime alleged.  Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)); see also In re Seizure of All Funds in Accounts in Names Registry Pub. Inc., 68 F.3d 577, 580 (2d Cir. 1995).

Reviewing the district court's probable cause determination de novo and its factual findings for clear error, United States v. Walsh, 712 F.3d 119, 123 (2d Cir. 2013), we conclude that the government established probable cause that (a) defendants committed the crimes alleged in the indictment and (b) the seized bank accounts are traceable to those crimes and thus subject to pretrial restraint.

a. **Evidence of the Crimes Alleged in the Indictment**

The government alleges that the defendants arranged for Xerox mechanics to place purchase orders with CAE, on behalf of Xerox, for parts that Xerox did not need. According to the government, the Xerox mechanics provided defendants with used parts that belonged to Xerox. Defendants then repackaged those parts as new and sent them back to Xerox to fill the purchase orders. At the Monsanto hearing, the government presented sufficient evidence to establish probable cause to support these allegations.

Relying on information obtained from former CAE employees and a former Xerox mechanic, IRS Special Agent Erin Stacer testified that Anthony Fretto visited Xerox almost daily to acquire boxes of used parts, unloaded them at CAE, and instructed CAE employees to repackage the parts as new to be delivered back to Xerox the next day. Agent Stacer also obtained incriminating business records from both CAE and Xerox that showed that: between 2002 and 2007, CAE ordered significantly fewer new parts from its suppliers than it delivered to Xerox; in 2006, the five Xerox mechanics allegedly involved in the scheme each ordered considerably more parts from CAE than other mechanics, despite roughly equal workloads; in 2007, Xerox's Corporate Security intercepted five boxes

delivered to Xerox by Anthony Fretto and found used parts that were marked and billed as new parts; and Xerox's orders for new parts plummeted after its relationship with CAE ended.

Agent Stacer testified that CAE employees informed her that LaVilla directed and personally participated in the repackaging of parts. She also testified that the Xerox mechanics who placed the fraudulent purchase orders often went to Gerald Fretto's house to pick up various goods as compensation for their participation in the scheme. She also testified that a former CAE employee stated that LaVilla yelled at him "to stop marking the parts, the Xerox parts that he was repackaging." That employee informed Agent Stacer that he noticed that the same parts were being repackaged and resent back to Xerox, and he thus began marking the parts to track how many times this was occurring.

This testimony and the corroborating business records established probable cause that defendants committed the crimes that were the basis of the forfeiture allegations.

b.    **Evidence of the Forfeitability of the Bank Accounts**

Agent Stacer presented a thorough accounting of defendants' bank accounts, revealing that the seized bank accounts were traceable to the allegedly ill-gotten proceeds from the scheme. On appeal, defendants make no argument

-6-

suggesting otherwise.  Consequently, we conclude that the district court did not abuse its discretion in finding sufficient probable cause here to sustain the pre-trial restraint on defendants' assets.

## 2.   <u>Applicability of the Federal Rules of Evidence</u>

Agent Stacer noted at the <u>Monsanto</u> hearing that before the hearing she reviewed her notes and memoranda of witness interviews, her grand jury testimony, and spreadsheets she prepared based on bank and Xerox records.  Defendants argue that the magistrate judge erred by denying their request during the hearing for the production of those documents, contending that the magistrate judge should have applied Rule 612 of the Federal Rules of Evidence, which governs the production of writings used to refresh a witness's memory.  We reject defendants' arguments.

Assuming Rule 612 applies to <u>Monsanto</u> hearings, we conclude that the district court did not abuse its discretion in rejecting defendants' request for the production of documents that Agent Stacer reviewed before testifying.  When a witness reviews a document to refresh her memory <u>before</u> testifying -- as Agent Stacer did here -- a district court has discretion to order the production of that document "if the court decides that justice requires" production.  <u>See</u> Fed. R. Evid. 612(a)(2), (b). We have previously identified Congress's concern regarding the

unwarranted and premature disclosure of evidence in criminal pretrial proceedings.  See Monsanto, 924 F.2d at 1197-98.  Here, defendants failed to establish that justice required the disclosure of Agent Stacer's notes and other materials where the Agent was present at the Monsanto hearing for cross examination by defense counsel and her affidavits had previously been produced to the defendants.  Thus, the magistrate judge's decision not to order the production of the documents sought by the defendants was reasonable.

We have considered all of defendants' remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk