(October 19, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD RIVERA, Appellant. [909 NYS2d 56]—

Judgment, Supreme Court, New York County (Patricia M.

Nunez, J.), rendered June 22, 2009, as amended June 26, 2009, convicting defendant, after a jury trial, of robbery in the second and third degrees, grand larceny in the fourth degree (two counts) and criminal possession of stolen property in the fourth degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 18 years to life, unanimously modified, on the law, to the extent of vacating the second-degree robbery conviction and dismissing the corresponding count of the indictment with leave to re-present any appropriate charges to the grand jury, and otherwise affirmed.

The court improperly denied defendant's request to submit third-degree robbery to the jury as a lesser included offense of first-degree robbery with regard to the incident of June 7, 2006. Initially, we reject the People's argument that defendant failed to preserve this issue (*see* CPL 470.05 [2]). Defendant specifically requested that charge and never abandoned that request. Moreover, the court expressly ruled on that request when it determined that it would charge second-degree robbery based on the affirmative defense that the allegedly displayed weapon was not actually a loaded firearm (*see* Penal Law § 160.15 [4]), but would not charge third-degree robbery. In any event, to the extent defendant could be viewed as not adequately preserving this argument, we reach it in the interest of justice.

There is a reasonable view of the evidence, viewed most favorably to defendant, that he forcibly stole property by threatening the victim with harm while displaying an object that not only was not an actual loaded firearm, but which did not even appear to be a firearm. The victim's testimony that she believed that defendant had a firearm was impeached by her grand jury testimony that she believed defendant was pretending to have a firearm and that the object he was holding was "too small to be a gun." The victim's direct testimony was also cast in doubt by her testimony on cross-examination that she believed defendant had a weapon, but not necessarily a firearm.

Since the jury acquitted defendant of first-degree robbery, but convicted him of the lesser included offense of second-degree robbery, there is presently no count of robbery in the second degree in the indictment on which to remand for a new trial (*see People v Mayo*, 48 NY2d 245, 253 [1979]).

In view of the foregoing, we need not reach defendant's other claims. Concur—Gonzalez, P.J., Tom, Catterson, Moskowitz and Richter, JJ.