People v Holmes (2018 NY Slip Op 08178)





People v Holmes


2018 NY Slip Op 08178


Decided on November 29, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 29, 2018

Richter, J.P., Manzanet-Daniels, Gische, Kapnick, Gesmer, JJ.


7738 428/14

[*1]The People of the State of New York, Respondent,
v
Darnell Holmes, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Allison N. Kahl of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Nicole Neckles of counsel), for respondent.



Judgment, Supreme Court, Bronx County (William I. Mogulescu, J.), rendered August 3, 2016, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 10½ years, unanimously reversed, on the law and as an exercise of discretion in the interest of justice, and the matter remanded for a new trial.
The court should have granted defendant's request to charge third-degree robbery as a lesser included defense of first-degree robbery. The court's first-degree robbery charge, consistent with the indictment, required the People to prove that defendant used or threatened to use a knife; it is undisputed that a finding that defendant wielded some weapon or object other than a knife would not support first-degree robbery in this case. There was a reasonable view of the evidence, viewed in the light most favorable to defendant, that he forcibly stole property from the victim, but did not use or threaten to use a knife in the course of doing so (People v Rivera, 77 AD3d 483 [1st Dept 2010]). On the facts presented, the jury could have reasonably reached these findings by generally crediting the victim's account, but finding that her testimony about seeing defendant using a knife was mistaken. Moreover, while this circumstance is not controlling, we note that the People joined in defendant's request for submission of third-degree robbery.
Furthermore, the court should also have granted defendant's request for an adverse inference charge as to surveillance photos taken in the victim's livery cab after other photos, introduced at trial, were taken. The photos in evidence showed defendant in the back seat before he left and allegedly returned to rob the driver. The Police Department collected the photos but destroyed all but a few of them, which were introduced at trial through a detective who alleged that other members of his team selected them as the most relevant. Defendant established that the missing photos were "reasonably likely to be material" (People v Handy, 20 NY3d 663, 669 [2013]), since they might have shown what type of weapon or object was used by the perpetrator. The record fails to support the People's assertion that the camera could not have recorded the incident because it recorded only when someone sat in the back seat. The detective merely testified that he had seen such cameras in some unrelated cases, and the People did not establish that any witness was knowledgeable about how the particular camera in this case was activated. Under these circumstances, the adverse inference change was "mandatory upon request" (People v Viruet, 29 NY3d 527, 532 [2017]).
This error was not harmless (see People v Crimmins, 36 NY2d 230 [1975]), and it compounded the error in failing to submit the lesser included offense. Both of these errors affected the jury's opportunity to consider whether the People had met their burden of proving that defendant used or threatened to use a knife. Insofar as any of defendant's appellate [*2]arguments for the adverse inference charge are unpreserved, we reach them in the interest of justice.
Since we are remanding for a new trial, we do not reach defendant's remaining arguments on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 29, 2018
CLERK