People v Rivera (2024 NY Slip Op 24278)

[*1]

People v Rivera

2024 NY Slip Op 24278

Decided on October 28, 2024

Supreme Court, New York County

Statsinger, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 28, 2024
Supreme Court, New York County

The People of the State of New York

against
Richard Rivera, Defendant.

Ind. No. 71435-22

For the Defendant: Leo Duval, Esq.
For the People: Assistant District Attorney James Clarke

Steven M. Statsinger, J.

On October 17, 2024, the Court sentenced the defendant as a Persistent Violent Felony Offender ("hereinafter "PVFO"), Penal Law (hereinafter "P.L.") § 70.08, and did so by making judicial findings of the facts necessary to apply the Tolling Provision of P.L. § 70.04(b)(v), which extends the ten-year sunset clause for prior felony convictions during periods in which the defendant was incarcerated.[FN1]

For both procedural and substantive reasons, the Court held that it could constitutionally make the necessary Tolling Provision findings, and that there was no need to empanel a jury to do so. This Decision explains the Court's reasoning.
I. Factual Background
On May 14, 2024, the Court, after a non-jury trial,[FN2]
convicted the defendant of two counts of burglary in the second degree as a sexually motivated felony, P.L. §§ 140.25(2), 130.91 (two victims), and one count of sexual abuse in the third degree (relating to the first victim), P.L. § 130.55.
Before trial, the People filed and served a "STATEMENT OF TWO OR MORE PREDICATE VIOLENT FELONY CONVICTIONS," (hereinafter "the Statement") alleging that the defendant met the criteria specified in P.L. § 70.08 and was therefore a PVFO. The Statement, dated March 26, 2024, alleged that:
The above-named defendant [Rivera] has previously been subjected to one or more predicate felony convictions as defined in P.L. § 70.04(l)(b), to wit:
On November 1, 1994, in the Supreme Court of New York, in the County of Kings, the [*2]defendant was convicted of [r]obbery in the [f]irst [d]egree, P.L. § 160.15(4), a violent felony as that term is defined in P.L. § 70.02(1). Sentence upon that conviction was imposed on November 1, 1994.
On January 14, 1992, in the Supreme Court of New York, in the County of New York, the defendant was convicted of [a]ttempted [b]urglary in the [s]econd [d]egree, P.L. § 110/140.25, a violent felony as that term is defined in P.L. § 70.02(1). Sentence upon that conviction was imposed on January 14, 1992.
The ten-year period referred to in P.L. § 70.04(1)(b)(v) is extended by defendant's incarceration at New York City Department of Correction (NYC DOC) from January 14, 1992, to February 24, 1992, at New York State Department of Corrections and Community Supervision (NYS DOCCS) from February 24, 1992, to November 16, 1993, at NYS DOCCS from March 25, 1994, to June 3, 2004, at NYC DOC from June 15, 2006 to June 8, 2007, at NYC DOC from July 31, 2007 to October 23, 2007, at NYC DOC from January 18, 2008 to July 2, 2009, at NYS DOCCS from July 2, 2009 to March 8, 2012, at NYC DOC from January 25, 2013 to June 7, 2013, at NYS DOCCS from June 7, 2013 to January 14, 2016, at NYC DOC from April 19, 2019 to May 10, 2019, at NYC DOC from January 16, 2020 to April 20, 2020, at NYC DOC from September 11, 2020 to December 27, 2021, and at NYS DOCCS from December 27, 2021 to March 29, 2022.
If the allegations contained in the final paragraph of the Statement are true and neither of the two convictions specified in the second and third paragraphs was "obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States," Criminal Procedure Law (hereinafter "C.P.L.") §§ 400.15 & 400.16, the defendant is indeed a PVFO.[FN3]

After the Court convicted the defendant, the United States Supreme Court decided Erlinger v. United States, 144 S.Ct. 1840 (2024). Erlinger held that specific facts about the commission of the crimes underlying the previous convictions necessary to a particular federal sentencing enhancement had to be found, beyond a reasonable doubt, by a jury. Id.
II. Procedural Hurdles
The Court began the sentencing by rejecting the defendant's argument that he could not be sentenced as a PVFO because the jury did not hear evidence on the Tolling Provision and did not unanimously find the Tolling Provision facts beyond a reasonable doubt. S. 7-8. The Court began by citing two procedural obstacles:

A. The Defendant Waived a Jury Trial.

As to procedure, the Court first noted that the defendant had waived his right to a jury trial and agreed to a bench trial. S 8. Thus, in the Court's view, he had waived the very constitutional protections - the right to have the Tolling Provision calculations be found beyond a reasonable [*3]doubt by a unanimous jury - that he now sought to invoke. And this Court is not the only court to find that a jury trial waiver includes an Erlinger claim. See United States v. White, 2024WL4024038 (3d Cir. 2024) (per curiam) (unreported decision) (reliance on Erlinger misplaced, "where the defendant waived his right to a jury trial and elected a bench trial").
The Court also explained its disagreement with defense counsel's argument that the right to have a jury make the Tolling Provision findings beyond a reasonable doubt is somehow categorically different than the right to have a jury make the findings necessary to support a guilty verdict (which counsel referred to as "the criminal responsibility part of the trial)," S at 13, or that the defendant could not waive a right he did not know he had, since he waived a jury before Erlinger was decided. S 13-14.
First, under the relevant United States Supreme Court decisions, any fact other than the fact of a prior conviction, that increases the maximum sentence a defendant is exposed to or the mandatory minimum the defendant is exposed to - here, the designation as a PVFO does both - is an element of the offense that is no different from any other. Apprendi v. New Jersey, 530 U.S. 466 (2000) (statutory maximum sentence increased by a fact not submitted to the jury); Alleyne v. United States, 570 U.S. 99 (2013) (mandatory minimum sentence increased by a fact not submitted to the jury). Accordingly, the defendant's waiver of a jury trial, in which he expressly waived his right to have a jury determine "whether [he was] guilty or not guilty," perforce included any Apprendi/Alleyne fact relating to a prior conviction, other than its existence, that increased his sentencing exposure. In short, under long-settled law, even assuming that the Tolling Provision were a matter for the jury and not the judge, it would be treated as an element of the offense just like any other and was thus covered by the defendant's valid waiver of a jury trial. S 13-14. 
Nor is there any merit to the defendant's claim of surprise. S 13. Although Erlinger was decided after defendant's trial, Erlinger merely applied Apprendi to a specific type of fact related to prior convictions (in that case, whether they were "committed on occasions different from one another" 18 U.S.C. ' 924(e)(1)) and did not establish a new constitutional rule. The underlying constitutional principle at play in Erlinger, and invoked by the defendant here, was established in 2000, when Apprendi was decided, and Erlinger did not cover any new ground: "[T]his case is as nearly on all fours with Apprendi as any we might imagine." 144 S.Ct. at 1852 (emphasis added). See also, White, 2024WL4024038 at *2 (rejecting Erlinger claim where Erlinger postdated the defendant's sentencing).
B. Defendant Had Previously Been Designated a PFVO.
The second procedural hurdle is that the defendant had already been adjudicated a PVFO. S 8. "Cycle 7" of the defendant's rap sheet reveals that this adjudication occurred in connection with a sentencing that took place on June 22, 2009. And, under C.P.L. §§ 400.15(8) and 400.16(2), that designation is "binding upon th[e] defendant in any future proceeding in which the issue may arise," including this one. To be sure, the Appellate Division vacated the count of conviction that exposed the defendant to a PVFO designation. People v. Rivera, 77 AD3d 483 (2d Dept. 2010). But the designation was made, and the appellate court's decision did not conclude that the PVFO designation was itself erroneous. Indeed, it does not mention the designation at all. Id.
III. The Substantive Issue: Erlinger and the Tolling Provision
A. Introduction
As of this writing, at least two courts, relying on Erlinger, have concluded that the facts necessary to apply the Tolling Provision must be proven beyond a reasonable doubt to a unanimous jury's satisfaction. People v. Lopez, 2024WL3575008 (Sup. Ct., New York County, July 26, 2024); People v. Banks, 2024 WL 4128665 (Sup. Ct., New York County, September 6, 2024).
On the other hand, at least three have found otherwise; that is, that the facts necessary to the Tolling Provision need not be found by a unanimous jury beyond a reasonable doubt and can be found by a judge alone, by a preponderance of the evidence, at sentencing. People v. McKinley, 2024 WL 4455635 (Sup. Ct., New York County, October 10, 2024); People v. Harnett, Ind. No. 71922/22 (Sup. Ct., Bronx County, September 25, 2024); People v. Smith, Ind. No. 2755/18 (Sup. Ct., New York County, July 24, 2024) (oral ruling). 
This Court is solidly in agreement with McKinley, Harnett and Smith, for the simple reason that the Court believes that there is no logical distinction - certainly not one that would trigger the constitutional right to a jury trial - between a judicial finding of the fact of a prior conviction, P.L. § 70.06(1)(b)(ii), which can be made by the judge without controversy - and the fact of a prior incarceration (and the relevant dates), which triggers the Tolling Provision.
Thus , as detailed below, this Court concludes that Erlinger: (1) does not apply to the Tolling Provision; (2) at the very most leaves the question open, and; (3) should not be extended to apply the right to a jury trial to the Tolling Provision.
B. Erlinger Does Not Apply to the Tolling Provision
The federal Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) (hereinafter "ACCA") drastically increases the sentencing exposure for certain firearms offenders. A person convicted of possessing a firearm after having sustained a felony conviction "in any court," 18 U.S.C. § 922(g)(1), faces a maximum sentence of fifteen years imprisonment. 18 U.S.C. § 924(a)(8).[FN4]
Imprisonment is not required, however, as there is no mandatory minimum. Id. However, if the defendant is subject to ACCA, which means that he has sustained three prior convictions "in any court" for a violent felony or a serious drug offense, or both,[FN5]
"committed on occasions different from one another," 18 U.S.C. § 924(e)(1), he faces a mandatory minimum sentence of fifteen years imprisonment and a maximum of life.
Erlinger held that the Fifth Amendment's due process requirement of proof beyond a reasonable doubt and the Sixth Amendment's guarantee of a jury trial and a unanimous verdict - in other words, the rule of Apprendi - required that, for ACCA to apply, the question whether the prior convictions were "committed on occasions different from one another" (hereinafter the "Occasions Clause") must be found by beyond a reasonable doubt by a unanimous jury, 144 S.Ct. at 1852, and not by the sentencing judge. Id. at 1846.
The decision is very much grounded in the type of the facts necessary to the Occasions Clause inquiry, this being the core difference between the Occasions Clause determination and the seemingly simple determination of whether a prior conviction existed at all. Unlike the latter [*4]question, the applicability of the Occasions Clause turns on "evidence about the times, locations, purpose and character of those [prior] crimes," the evaluation of which must be left to the jury. Id. at 1855:
To trigger ACCA and expose [petitioner] to longer prison terms, the government had to prove that his past included three convictions for "violent felon[ies]" or "serious drug offense[s]" that were "committed on occasions different from one another."...And...deciding whether those past offenses occurred on three or more different occasions is a fact-laden task. Were the crimes "committed close in time"? ...How about the "[p]roximity" of their "location[s]"?...Were the offenses "similar or intertwined" in purpose and character? All these questions ..."may be relevant" to determining whether the offenses were committed on one occasion or separate ones.
144 S.Ct. at 1851 (citations omitted).
But these facts could not be more different than those necessary to the apply the Tolling Provision, which are: whether the defendant was incarcerated and, if so, what were the dates. P.L. §§ 70.04(1)(b)(iv); 70.08(1)(b). Apart from that, the remaining Tolling Provision calculus is just a bit of arithmetic, which is not a finding of fact at all. E.g., United States v. Logan, 498 F. Appx 445, 446 (5th Cir. 2012) (result of the arithmetic necessary to determine total drug quantity was not a finding of fact). If the total amount of time from the commission of the earlier of the two predicate offenses to the commission of the current offense, less the total amount of time the defendant was incarcerated between those dates, reveals that there is less than ten years of "street time," then the defendant is a PVFO. If there is not, then the defendant is not. Id. 
This Court is of the view that whether to apply Erlinger to facts other than those required for the Occasions Clause is foreclosed by its extremely narrow holding. "While recognizing [petitioner] was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, we decide no more than that." (emphasis added). Accord State v. Porter, 2024 WL 4052187 at *2 (Ariz. Ct. of App, September 5, 2024) (unreported) (construing Erlinger to hold only that the defendant "was entitled to have a jury resolve ACCA's occasions inquiry unanimously and beyond a reasonable doubt, [but]...no more than that"); State v. Anderson, 552 P.3d 803, 811 (Wa. Ct. App 2024) ("Erlinger's holding is limited to resolving ACCA's occasions inquiry...").
Moreover, the necessary PVFO tolling findings are indistinguishable from those that have always been outside of the Apprendi/Alleyne jury trial requirement: the dates of commission of the prior offenses, but not what happened during those prior offenses (Erlinger); whether the defendant was incarcerated, but not why he was incarcerated (Jones v. Mississippi, 593 U.S. 98, 109 (2021) discussing whether the finding that a juvenile offender is "permanently incorrigible" should be made by a jury.); the length of the defendant's prior incarceration, but not whether he deserved it (E.g., Ring v. Arizona, 536 U.S. 584, 609 (2002), holding that the findings necessary to support a death sentence - whether relating to the offense of conviction or the history and character of the defendant - must be made by a jury).
And, lastly, the Court notes that, in New York, the findings necessary to adjudicate a defendant a predicate felon, second felony offender, or PVFO without tolling, all can constitutionally be made by the Court's consulting a single document: the defendant's rap sheet; a self-authenticating, presumptively accurate, official record. E.g., People v. Suarez, 51 Misc 3d [*5]620, 672-28 (Crim. Ct., NY County, 2016); People v. Woods, 52 Misc 3d 618 (Crim. Ct., NY County, 2016) (court could, and did, take judicial notice of defendant's rap sheet, which was also admissible as a business record). In cases where the Tolling Provision applies, the facts necessary to make that calculation are all included in the same document. It simply cannot be true that consulting the defendant's rap sheet is constitutional for one type of finding but unconstitutional for a different, but closely related, finding.
For these reasons, the Court concludes that Erlinger does not apply to the Tolling Provision calculations.
C. Erlinger Left Open the Question whether Tolling Provision Facts Are Subject to Apprendi.
As detailed above, Erlinger clearly does not prohibit judicial findings of the facts that are necessary to the apply the Tolling Provision: whether the defendant was previously incarcerated and, if so, when and for how long. The most that can be said of Erlinger is that it left the question open. 
The Erlinger Court did not rule on whether the other findings necessary to apply ACCA, besides the Occasions Clause, are elements of the offense. Thus, the Court presupposed that the petitioner had four prior convictions without deciding whether determining the requisite number of prior convictions - a minimum of three, according to the statute - is a jury question. Id. at 1852. Similarly undecided by Erlinger is whether the jury must, or the sentencing judge can, determine where the prior convictions were sustained; that is, whether they occurred in "any court referred to in section U.S.C. § 922(g)(1)."[FN6]

These open questions are far more like the findings of fact necessary to apply the Tolling Provision than are the Occasion Clause facts that were the subject of Erlinger. It seems truly impossible to identify any real difference between determining how many prior convictions a defendant sustained (ACCA) and whether he was incarcerated on any of them (the Tolling Provision). Either fact can be determined by consulting an official record. For the same reason, it is equally impossible to see the difference between determining where a previous conviction occurred (ACCA) and for how long a defendant was incarcerated (the Tolling Provision). There is simply no logical reason to delegate these clerical functions to a jury, and Erlinger does not require it, even if it can be read to leave the question open.
In short, Erlinger does not require that the Tolling Provision findings be subject to Apprendi; the most that can be said about it is that it leaves the question open.
D. Erlinger Should Not be Extended to Apply to the Tolling Provision.
The conclusion that Erlinger does not require that the Tolling Provision be treated as an element of the offense, along with the observation that Erlinger, if relevant to the issue at all, at most leaves the question open, leaves one more possibility to consider: that the reasoning of Erlinger should be extended to the Tolling Provision findings. The Court declines to do so.
Starting with New York case law, it appears that neither the New York Court of Appeals nor any of the Appellate Division Departments has considered the relationship between the [*6]Tolling Provision and Apprendi, either before or after Erlinger was decided. However, two trial courts, before Erlinger, held that a judicial application of the Tolling Provision did not violate Apprendi. People v. Miles, 5 Misc 3d 271 (Sup. Ct. NY County 2004), aff'd on other grounds, 48 AD3d 446 (1st Dept. 2008); People v. Garcia, 17 Misc 3d 1115(A) at n.1 (Sup. Ct. Bronx County 2007). The Court agrees with both the pre- and post-Erlinger cases that go this way.
And the Court can see no reason to conclude that, nevertheless, Erlinger should be applied to the Tolling Provision. Requiring a jury to complete the ministerial task of reviewing official records solely for the purpose of determining dates of a defendant's past incarcerations, would be an enormous waste of judicial and prosecutorial resources and would in no way enhance either the fairness of the proceedings or the reliability of the outcome. Nor would it in any way result in a more just or reasonable sentence, since the tolling question is completely objective — dates and arithmetic - and, beyond fixing applicable sentencing range, does not in any way relate to what the actual sentence in that particular case should be. The jury has nothing to do with that decision.
E. In Sum
This long analysis brings the Court back to where it began: it can see no material distinction - certainly not one of a constitutional dimension - between the fact (or dates) of a prior conviction and the fact (or dates) of a prior incarceration, the precise issue upon which this decision turns.
Accordingly, the Court concludes that Erlinger does not render the Tolling Provision of P.L. § 70.04(b)(v) unconstitutional, and also concludes that all of the findings necessary to apply that provision can be, and here were properly, made by the Court. 
IV. Conclusion
The Court sentenced the defendant as a PVFO because: first, the defendant waived his right to a jury trial; second, the defendant had previously been adjudicated a PVFO, a determination that is binding on future courts, and; third, the Court has concluded that Erlinger does not require a jury to make the Tolling Provision findings.
This constitutes the Decision and Order of the Court.
Dated: October 28, 2024
New York, New York
____________________________________
HONORABLE STEVEN M. STATSINGER
JUSTICE OF THE SUPREME COURT

Footnotes

Footnote 1:Defendant's disruptive behavior at the start of the sentencing proceeding compelled the Court - after giving the defendant fair warning, which the defendant chose to disregard - to expel him from the courtroom. The Court sentenced him in absentia. Sentencing Transcript (hereinafter "S") 2-4.

Footnote 2:The defendant, orally and in writing, waived his right to a jury trial. The written waiver, in pertinent part, advised the defendant that, at a bench trial, instead of having the jury decide whether the defendant was guilty or not guilty, the judge alone would decide whether the defendant was guilty or not guilty.

Footnote 3:Because the defendant was not present for his sentencing, he waived the opportunity to be formally arraigned on the Statement and challenge its accuracy. See C.P.L. § 400.15(3).

Footnote 4:At the time the petitioner in Erlinger was convicted of violating U.S.C. § 922(g)(1), the maximum sentence was ten years, not fifteen. 144 S.Ct. at 1846.

Footnote 5:Section 924(e)(2) provides specific definitions of those terms. Whether the offense of a prior conviction satisfies these definitions is not a finding of fact subject to Apprendi. James v. United States, 550 U.S. 192 (2007).

Footnote 6:This matters and is not necessarily a given. See United States v. Gayle, 342 F.3d 89 (2d Cir.2004) (the "in any court" clause does not include courts in other countries).